# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE YOUNT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERFLY, LLC, a foreign limited liability company; SHUTTERFLY LIFETOUCH, LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:25-cv-1727<br><br>**DEFENDANTS SHUTTERFLY, LLC AND SHUTTERFLY LIFETOUCH, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[King County Superior Court Case No. 25-2-22753-7 KNT] |

**TO:**       The Clerk of the Court;

**AND TO:**   Plaintiff Nicole Yount and Her Counsel of Record.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Shutterfly, LLC and Shutterfly Lifetouch, LLC (collectively, "Defendants" or "Shutterfly") hereby remove the action *Nicole Yount, et al. v. Shutterfly, LLC, et al.* pending in the Superior Court of the State of Washington, County of King, Case No. 25-2-22753-7 KNT (the "State Court Action") to the United States District Court for the Western District of Washington.  As grounds for removal, Defendants respectfully state as follows:

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION - 1
Case No. 2:25-cv-1727

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

## I. INTRODUCTION

The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II. BACKGROUND

1. On August 6, 2025, Plaintiff Nicole Yount ("Plaintiff"), purportedly on behalf of herself and all other similarly situated, filed the State Court Action in the Superior Court of the State of Washington for King County (the "Complaint"). Defendants were served with the Complaint through their registered agent on August 7, 2025. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**. A true and correct copy of the Notice of Service of Process on Defendants is attached as **Exhibit B**. A true and correct copy of the Case Information Cover Sheet filed in the State Court Action is attached as **Exhibit C**. A true and correct copy of the Order Setting Case Schedule filed in the State Court Action is attached as **Exhibit D**. Lastly, a true and correct copy of the Notice of Appearance filed on behalf of Defendants in the State Court Action is attached as **Exhibit E**.

2. Plaintiff contends that Defendants violated the Washington Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, and the Washington Consumer Protection Act ("CPA"), Chapter 19.86 RCW, by sending emails with misleading or false subject lines to Washington consumers for the commercial purpose of marketing Shutterfly's products.

3. While the Complaint only identifies four emails that Plaintiff claims violated the statute, all from June to July 2025, it suggests that these emails are just a small sampling of Defendants' "many" emails that have violated CEMA. (Ex. A at ¶¶ 18, 22, 26, 29; see also *id*. at ¶ 14 (claiming that Shutterfly sends "many" emails with misleading subject lines)).

4. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like—all of which Defendants expressly

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION - 2
Case No. 2:25-cv-1727

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

deny—or a waiver of any of Defendants' rights or defenses. Defendants reserve the right to supplement and amend this Notice of Removal.

### III. REQUIREMENTS FOR REMOVAL UNDER CAFA

5. This Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

6. The United States Supreme Court clarified the standards for removal under CAFA in 2014. Specifically, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading.

7. Furthermore, the *Dart Cherokee* decision held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart Cherokee*, 574 U.S. 81 at 554.

8. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal*." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

9. In *Bridewell-Sledge v. Blue Cross*, the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *Bridewell-Sledge*, 798 F.3d 923, 929 (9th Cir. 2015).

### IV. THE REQUIREMENTS OF REMOVAL UNDER CAFA ARE SATISFIED

a. **Minimum Diversity Exists**

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION - 3
Case No. 2:25-cv-1727

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

10. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

11. Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenship of all its members. *See Johnson v. Columbia Props. Anchorage, LP*., 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes ….").

12. For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted.); *Goddard v. Jubilant Hollisterstier, LLC,* No. 2:23-CV-0004-TOR, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023).

13. At the time Plaintiff commenced the State Court Action, Defendant Shutterfly LLC was a foreign limited liability company organized under the law of the state of Delaware with its principal place of business in the state of California. Defendant Shutterfly Lifetouch, LLC was a foreign limited liability company organized under the law of the state of Minnesota with its principal place of business in the state of Minnesota. Accordingly, for purposes of establishing CAFA diversity, Shutterfly, LLC is a citizen of Delaware and California, and Shutterfly Lifetouch, LLC is a citizen of Minnesota.

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION - 4
Case No. 2:25-cv-1727

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

14. On the other hand, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff Nicole Yount was a resident of King County, Washington at the time of the commencement of the State Court Action. (Ex. A at ¶ 7.) Moreover, Plaintiff seeks to certify a class of, *inter alia,* "Washington residents who received a commercial electronic mail message that was transmitted by Shutterfly, LLC or Shutterfly Lifetouch, LLC . . ." (*Id.* at ¶ 36.)

15. Because Plaintiff and putative class members are citizens of Washington, and Defendants are citizens of Delaware, California, and Minnesota, CAFA's diversity-of-citizenship requirement is satisfied.

### b. The Proposed Class Includes At Least 100 Members

16. Plaintiff seeks to certify a class of "Washington residents who received a commercial electronic mail message that was transmitted by Shutterfly, LLC or Shutterfly Lifetouch, LLC or someone acting on their behalf at any time from August 6, 2021, through the date of certification of the class." (Ex. A at ¶ 36.)

17. Defendants dispute Plaintiff's allegations of wrongdoing and dispute that this matter is appropriate for class treatment or that any class could ever be certified. Nevertheless, based on information and belief and Defendants' review of internal data, Defendants assert that Shutterfly has sent marketing emails to at least 100 Washington residents within the applicable statute of limitations period. Indeed, when Shutterfly was last publicly traded, in 2019, it reported serving more than three million customers nationwide, with annual growth of 3% per year. *See* Shutterfly, Inc. "Shutterfly Announces Second Quarter 2019 Financial Results" (Aug. 7, 2019), https://www.sec.gov/Archives/edgar/data/1125920/000112592019000019/sfly-6302019resultsrel.htm (last visited Sept. 5, 2025).

18. Thus, the number of members of the alleged putative class is at least 100.

### c. The Amount in Controversy Exceeds $5 Million

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION - 5
Case No. 2:25-cv-1727

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

19. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

20. Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

21. Again, Defendants deny Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and do not waive any defense with respect to any of Plaintiff's claims. Nevertheless, Defendants have calculated the amount in controversy for purposes of this notice by taking Plaintiff's allegations in the Complaint at face value and

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION - 6
Case No. 2:25-cv-1727

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

aggregating claims of individual putative class members pursuant to 28 U.S.C. § 1332(d)(6). Plaintiff's allegations place the amount in controversy on Plaintiff's CEMA action above $5,000,000, exclusive of interest and costs.

22. Plaintiff seeks $500 in statutory damages *per violative email*, per *Washington consumer* on Shutterfly's email marketing list, that Shutterfly has sent over the *last four years*. (Ex. A at ¶ 58 ("Plaintiff and Class members are entitled to recover $500 statutory damages or actual damages for each violation").) This allegation readily satisfies the amount in controversy requirement, in light of Plaintiff's allegations concerning "many" emails sent to "numerous" class members.

23. For example, even if Plaintiff's claims were limited to just four emails per year (4 emails x 4 years = 16 emails total), the amount in controversy requirement would be satisfied if Shutterfly sent these emails to just 625 Washington consumers ($500/violation x 16 emails x 625 Washington customers = $5 million). On information and belief, this is just a small fraction of the putative class size.

24. Plaintiff further seeks treble damages. (Ex. A at ¶ 57.) Based on this request, the amount in controversy requirement would be satisfied if just 209 consumers received the four emails. ($1,500/violation x 16 emails x 209 Washington customers = $5,016,000).

25. Plaintiff also seeks attorneys' fees and costs. (Ex. A at ¶ 58.) Attorneys' fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendants deny Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000. This amount further increases the amount in controversy about CAFA's threshold.

d. **No CAFA Exceptions Apply**

26. The State Court Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180*

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION - 7
Case No. 2:25-cv-1727

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

*Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

27. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a), because the Superior Court of the State of Washington for the County of King is located within the Western District of Washington.

28. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated – August 7, 2025. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint).

29. Further, notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all parties in accordance with 28 U.S.C. § 1446. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court" and Plaintiff has been served with all filings.

## VI. CONCLUSION

30. Wherefore, Defendants Shutterfly, LLC and Shutterfly Lifetouch, LLC jointly request that the State Court Action now pending against them in the Superior Court of Washington, County of King, be removed to this Court.

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION - 8
Case No. 2:25-cv-1727

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

Dated: September 8, 2025

Dated: September 8, 2025

Respectfully submitted,

*s/ Meegan B. Brooks*

MEEGAN B. BROOKS (WA 62516)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2232
Email: mbrooks@beneschlaw.com

*Attorney for Defendants Shutterfly, LLC and Shutterfly Lifetouch, LLC*

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION - 9
Case No. 2:25-cv-1727

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858