UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE YOUNT,

Plaintiff(s),

v.

SHUTTERFLY LLC et al.,

Defendant(s).

CASE NO.
2:25−cv−01727−LK

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT IN CLASS ACTIONS

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 10/21/2025 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 11/4/2025 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 11/18/2025 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov. If Defendants have appeared, the parties are directed to meet and confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of Federal Rules of Civil Procedure ("FRCP") 26(a) and 26(f), please notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov. In those cases, the parties

must still file a joint status report by the deadline, addressing the applicable paragraphs below and clearly stating whether the parties anticipate that the matter can be resolved by dispositive motions, and if so, a proposed deadline and briefing schedule for such motions consistent with Local Civil Rule 7(k) and the Court's Standing Order, described below.

## II. JUDGE−SPECIFIC PROCEDURAL INFORMATION

The parties are directed to review Judge King's Standing Order for All Civil Cases, which is docketed in each case. The parties are expected to abide by the requirements set forth therein. Failure to do so may result in the imposition of sanctions.

All parties must review applicable Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, which can be found on the Court's website at www.wawd.uscourts.gov.

## III. JOINT STATUS REPORT & DISCOVERY PLAN

All parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by November 18, 2025. This conference shall be by direct and personal communication, whether that be an in−person or virtual face−to−face meeting or a telephonic conference. **The Report will be used in setting a schedule for the prompt resolution of the class certification issues in this case. A later joint status report may be necessary depending on the outcome of the class certification motion.** The Report must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A statement of whether an ADR method (mediation, arbitration, or other) should be attempted prior to a determination of the class certification issues. If the parties believe there should be no ADR at this time, the reasons for that belief should be stated.

3. A proposed deadline for joining additional parties.

4. A statement of whether either party anticipates filing a dispositive motion within the next three months.

5. A proposed deadline for the filing of the motion for class certification. The parties shall propose an agreed briefing schedule for the class certification motion and, if applicable, for any anticipated dispositive motions.

6. A discovery plan that states, by corresponding paragraph letters (a, b, etc.), the parties' views and proposals on all items set forth in FRCP 26(f)(3) and LCR 26(f)(1), which include the following topics:

a. initial disclosures;

b. subjects, timing, and potential phasing of discovery;

c. privilege issues;

d. proposed limitations on discovery;

e. the need for any discovery related orders;

f. prompt case resolution;

g. alternative dispute resolution;

h. related cases;

i. discovery management;

j. phasing motions;

k. preservation of discoverable information; and

l. Model Protocol for Discovery of ESI and alternatives to Model Protocol.

7. Whether the case should be bifurcated; e.g., by trying the liability issues before the damages issues; or bifurcated in any other way.

8. If bifurcated discovery is proposed, the date by which discovery related to class certification issues can be completed. If bifurcation is not proposed, the date by which all remaining discovery can be completed.

9. Whether the parties agree that a full−time Magistrate Judge may conduct all

proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13. The Magistrate Judge who will be assigned the case is Judge Michelle L. Peterson. Agreement in the Report will constitute the parties' consent to referral of the case to the assigned Magistrate Judge.

10. Any other suggestions for shortening or simplifying the case.

11. Two alternative trial dates: (a) the date the case will be ready for trial if a class is not certified; and (b) the date the case will be ready for trial if a class is certified.

12. Whether the trial will be jury or non−jury.

13. Two alternative estimates on the length of trial: (a) the number of trial days required if a class is not certified; and (b) the number of trial days required if a class is certified.

14. The names, addresses, and telephone numbers of all trial counsel.

15. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

16. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

17. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

18. A certification that all parties have reviewed Judge King's Standing Order for All Civil Cases, the Local Rules, and the applicable Electronic Filing Procedures.

19. A certification that all parties have reviewed and complied with Judge King's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

If the parties are unable to agree on any part of the Report, they may answer in

separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

**IV. PLAINTIFF'S RESPONSIBILITY**

The Plaintiff(s) are directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance.

**V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION**

If settlement is achieved, counsel shall immediately notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

Dated the 23rd of September 2025.

Lauren King
United States District Judge