UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE YOUNT,

Plaintiff,

v.

SHUTTERFLY, LLC, et al.,

Defendants.

CASE NO. 2:25-cv-01727-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendants Shutterfly, LLC and Shutterfly Lifetouch, LLC (collectively, "Shutterfly") to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction.

## I. BACKGROUND

This case is a proposed class action against Shutterfly for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. Dkt. No. 1-1 at 4–5, 9–10. Plaintiff Nicole Yount complains that Shutterfly sent

emails "with misleading subject lines that encourage recipients to open the e-mails on misleading pretenses." *Id.* at 6. "In particular, multiple e-mails advertise promotional sales in their subject lines with specific time limitations that are untrue or misleading," which "encourage consumers to view e-mails and make purchasing decisions with a false sense of urgency." *Id.* Yount "received multiple such e-mails from Shutterfly" and seeks to represent a class of "Washington residents who received a commercial electronic mail message that was transmitted by [Shutterfly] at any time from August 6, 2021, through the date of certification of the class." *Id.* at 6–7. Yount avers in conclusory fashion that Shutterfly's actions "directly caused injury to the business or property of Plaintiff and the Class as a matter of law," *id.* at 10 (citing Wash. Rev. Code §§ 19.86.090, 19.190.040; *Wright v. Lyft, Inc.,* 406 P.3d 1149, 1153 (2017)), and seeks "$500 statutory damages or actual damages for each violation of the CPA, whichever is greater," as well as treble damages, attorneys' fees and costs, pre- and post-judgment interest, "preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Shutterfly from engaging in the conduct complained of," and declaratory relief "to the effect that Shutterfly's conduct violates Washington law," *id.* Yount's CPA claim is entirely premised on the alleged violations of CEMA. *Id.* at 9–10.[1]

Yount filed this suit in King County Superior Court. *Id.* at 2. Shutterfly timely removed the case to this Court, Dkt. No. 1 at 1–2, 8, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"), *id.* at 3–7.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation

[1] Yount does not allege that the emails at issue were unsolicited. *See generally* Dkt. No. 1-1.

modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, Shutterfly bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Yount seeks actual and statutory damages for each message sent in violation of CEMA, but does not actually allege any concrete injury. Dkt. No. 1-1 at 10. The

Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025). But the legislature's creation of a statutory prohibition or obligation and a cause of action "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III[.]" *TransUnion*, 594 U.S. at 426.

While CEMA does not require that Yount independently establish an injury in fact under Washington law, *see Brown*, 567 P.3d at 45, the Court "cannot treat an injury as 'concrete' for Article III purposes based only on [the legislature's] say-so," because "under Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, an important difference exists between a plaintiff's *statutory* cause of action to sue a defendant over the defendant's violation of state law, and a plaintiff suffering *concrete harm* because of the defendant's violation of state law. *Id.* The Ninth Circuit has interpreted *TransUnion* to "require[] a court to assess whether an individual plaintiff" claiming harm based on an intangible injury "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

Despite alleging in its Notice of Removal that this Court has jurisdiction over this case, Dkt. No. 1 at 2, Shutterfly argues in its motion to dismiss briefing that Yount alleges "no injury," Dkt. No. 22 at 14; *see also id.* at 7 ("[T]here is no question that Plaintiff does not allege reliance or injury."); *id.* at 9 (Yount presents a "no-injury, strict-liability claim based on subject lines that she does not claim to have seen[.]"); *id.* at 13 ("Plaintiff does not dispute that she fails to allege . . . injury[.]"). In other words, Yount "does not claim to have suffered any damage" as a result of Shutterfly's conduct. Dkt. No. 12 at 13; *see also id.* at 11 ("Plaintiff does not allege that her purchasing decisions were in any way influenced by the emails she received from Shutterfly,

or that she even opened the full emails."); *id.* at 13 ("Even if Plaintiff read the subject line and interpreted it to mean that the sale was ending sooner (something she does not allege), she still does not claim to have suffered any damage as a result."); *id.* (Yount "fails to plead that she relied on any of the allegedly misleading email subject lines, that she suffered any actual harm, [or] that the email subject lines were materially false or misleading"; instead, she "relies on a theory of strict liability."). Instead, Yount "claims that Shutterfly must pay $500 *per* email, *per* customer . . . for email subject lines that she does not claim that she or anyone else ever noticed, read, or were injured by." Dkt. No. 22 at 9.[2] These representations—made subject to Federal Rule of Civil Procedure 11(b)—appear to demonstrate that removal was improper.

## III. CONCLUSION

For the reasons stated above, Shutterfly is ORDERED TO SHOW CAUSE by no later than September 11, 2026 why this case should not be remanded to state court for lack of Article III standing. Yount may file an optional reply by September 18, 2026. Each party's brief shall contain no more than 2,800 words. Alternatively, because the record before the Court does not indicate that Article III standing exists, *see Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *1 (W.D. Wash. Mar. 30, 2026), and in light of Rule 11 and other applicable ethical rules, the parties may stipulate to remand by September 11, 2026.

Dated this 28th day of August, 2026.

Lauren King
United States District Judge

[2] In its reply brief, Shutterfly demonstrates the lack of pleaded injury with two hypothetical questions: "If a tree falls in the forest, but nobody hears it, does it make a sound? If an email arrives in an inbox, but nobody notices it, is it material?" *Id.* at 5.